**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>HEIDI A. WRIGHT,<br><br>                Debtor. | Chapter 7<br>Case No. 18-10852-FJB |

**TRUSTEE'S OPPOSITION TO MOTION OF NEW RESIDENTIAL MORTGAGE
LOAN TRUST FOR RELIEF FROM THE AUTOMATIC STAY**

David B. Madoff (the "Trustee"), the Chapter 7 Trustee of Debtor Heidi A. Wright, hereby opposes the Motion for Relief from Stay (the "Motion") filed by New Residential Mortgage Loan Trust ("New Residential"). As set forth more fully herein, there is sufficient equity in the Property to allow the Trustee to collect the $70,000 that constitutes the estate's interest in the Property, and more than sufficient equity cushion in the Property to adequately protect New Residential.

**Introductory Statement**

Currently pending before the Court are two objections to the Debtor's asserted homestead exemption in the Property—one by the Trustee and one by Pearl Wright, the Debtor's mother-in-law and asserted judicial lienholder. If the objections are sustained, the Debtor (and thus the bankruptcy estate) shall be entitled to a payment of $70,000 from her ex-husband in exchange for her having transferred her ownership to her ex-husband. That payment will presumably come from the sale of the Property. A foreclosure by New Residential would affect the payment to the bankruptcy estate. Further, there is a substantial equity cushion in the Property to protect New Residential.

**Specific Responses**

1. The Trustee admits the allegations set forth in Paragraph 1 of the Motion.

2. The Trustee admits the allegations set forth in Paragraph 2 of the Motion.

3. The Trustee is without sufficient information to respond to the allegations set forth in Paragraph 3 of the Motion.

4. The Trustee is without sufficient information to respond to the allegations set forth in Paragraph 4 of the Motion.

5. The Trustee is without sufficient information to respond to the allegations set forth in Paragraph 5 of the Motion.

6. The Trustee admits the allegations set forth in Paragraph 6 of the Motion, but denies that the Homestead is valid.

7. The Trustee admits the allegations set forth in Paragraph 7 of the Motion. Further answering, the Trustee states that the Pearl Wright attachment is avoidable as a preferential transfer.

8. The Trustee is without sufficient information to respond to the allegations set forth in Paragraph 8 of the Motion.

9. In response to the allegations set forth in Paragraph 9 of the Motion, the Trustee states that there is substantial equity in the Property, but that such equity does not belong to the Debtor. Rather, the Debtor, and thus the estate, has an interest only in a $70,000 cash payment due to the Debtor.

10. The Trustee is without sufficient information to respond to the allegations set forth in Paragraph 10 of the Motion.

11. The Trustee denies the allegations set forth in Paragraph 11 of the Motion.

12. The Trustee is without sufficient information to respond to the allegations set forth in Paragraph 12 of the Motion.

Respectfully submitted this 2nd day of July, 2018.

DAVID B. MADOFF, TRUSTEE

By his attorneys,

*/s/ David B. Madoff*
David B. Madoff (BBO#552968)
MADOFF & KHOURY LLP
124 Washington Street, Suite 202
Foxborough, MA  02035
(508) 543-0040
madoff@mandkllp.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 2, 2018, he caused a copy of the foregoing to be served by ECF, upon the following parties.

## SERVICE LIST

United States Trustee's Office
JW McCormack Post Office & Courthouse
5 Post Office Square, 10th Fl. Suite 1000
Boston, MA  02109

Peter M. Daigle, Esq.
pmdaigleesq@yahoo.com
(Debtor's Counsel)

Kelly Jason, Esq.
Kjason@capecodlawyers.com
(Counsel to Pearl Wright)

Marcus Pratt
bankruptcy@kordeassociates.com
(Counsel to New Residential)

                                              /s/  David B. Madoff
                                              David B. Madoff (BBO#552968)